# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RONNIE BEE CISLO, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:19-CV-282-TLS-JEM |
| JON BOYD, et al., | |
| Defendants. | |

## OPINION AND ORDER

Ronnie Bee Cislo, a prisoner without a lawyer, filed a Complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the Complaint, Cislo alleges that he suffers from hepatitis C and genital herpes. In October 2018, he arrived at the Laporte County Jail as a pretrial detainee. Since that time, he has received no treatment for his medical issues. Cislo seeks money damages and immediate treatment for hepatitis C and genital herpes.

Cislo asserts a claim against the Sheriff Jon Boyd, Officer Ott, and Dr. Tchatchet for failing to treat hepatitis C and genital herpes. Because Cislo is a pretrial detainee, his claim is

assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). "[A] pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015). The Seventh Circuit has held that "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

"It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Rather, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Cislo does not explain whether the individual defendants are aware of his medical needs or describe how they responded when he asked them for treatment, Cislo cannot proceed against them.

Cislo also asserts a claim against Quality Correctional Care, LLC, a corporate entity that provides medical care for inmates at the Laporte County Jail. Under § 1983, liability for

corporate entities exists only when the execution of a policy or custom inflicts the injury. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). These defendants may be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, liability of a corporation may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Cislo alleges that Quality Correctional Care maintains a policy of denying inmates treatment for hepatitis C and genital herpes. Giving the inferences to which Cislo is entitled at the pleading stage, Cislo states a plausible claim against Quality Correctional Care.

For these reasons, the Court:

(1) GRANTS Ronnie B. Cislo leave to proceed against the Quality Correctional Care, LLC for maintaining a policy of denying inmates treatment for hepatitis C and genital herpes that caused a violation of his rights under the Fourteenth Amendment;

(2) GRANTS Ronnie B. Cislo leave to proceed against Quality Correctional Care, LLC on an injunctive relief claim for medical treatment for hepatitis C and genital herpes to the extent required by the Fourteenth Amendment;

(3) DISMISSES the Sheriff Jon Boyd, Officer Ott, and Dr. Tchatchet;

(4) DISMISSES all other claims;

(5) DIRECTS the Clerk of Court and the United States Marshals Service to issue and serve process on Quality Correctional Care, LLC at the LaPorte County Jail with a copy of this Order and the Complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Quality Correctional Care, LLC respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Ronnie B. Cislo has been granted leave to proceed in this screening order.

SO ORDERED on August 19, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT